UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**LEVI LOUIS WEST**                                                           **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 1:18-CV-P83-GNS**

**STEPHEN HARMON** *et al.*                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Levi Louis West's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated in the Warren County Jail (WCJ). He brings this action pursuant to 42 U.S.C. § 1983 against WCJ Administrator Stephen Harmon, Booking Jailer Tracy Davis, and Chief Deputy Misse Causey in their official capacities. Plaintiff alleges, "On []May 24, 2018, I received a package from Amazon containing two used books. I was given one book. I did not recieve a notification of rejection for second book." He reports that he filed a grievance to find out what happened to the second book and that Defendant Causey "replied that the book was disposed of."[1] He further reports that he filed another grievance "because my due process rights were not met" and that Defendant Davis replied with the same response. Plaintiff contends that his right to due process was violated because mail "cannot be disposed of without notice, an appeal process, or option to return to sender." As relief, Plaintiff seeks monetary and punitive damages and legal fees.

---

[1] In an attached grievance, Defendant Causey stated, "The book not permitted was used with unknown substance on it and damp. It was disposed of."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

# III. ANALYSIS

Plaintiff sues Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's due process claim against Defendants in their official capacities, therefore, is against Warren County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff does not allege that any wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Warren County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

Moreover, even if Plaintiff had brought a claim against Defendants in their individual capacities, the claim would still fail. Plaintiff complains of a May 2018 incident where a book he ordered was disposed of without notice. The Supreme Court has held, however, that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a Fourteenth Amendment due-process claim for the disposal of his book, and that claim will be dismissed.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: January 10, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4416.005